[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In 1989, the plaintiffs, Patricia and Don McGannon ("McGannons"), obtained a judgment in this civil action against Bruce Kramer ("Kramer") CT Page 12203 in the amount of $31,152.91 plus costs of $199. According to the court file, an amount in excess of $29,000 remains unpaid by Kramer. On June 8, 2000, this court granted the McGannons' application for a property execution order on Kramer's property.
Paul Brozdowski ("Brozdowski") is an attorney who has represented Kramer in another personal injury action, Kramer v. McDermott, CV97-0326861. Apparently, that litigation has settled in Kramer's favor in May, 2000 for an amount of $15,000. Attorney Brozdowski received a check "in that amount from McDermott's insurance carrier, United States Automobile Association ("USAA") allegedly on July 6, 2000.
Brozdowski has not turned over the above check to the sheriff who served the execution order on him on June 29, 2000 and subsequently. The matter came before this court on September 5, 2000 pursuant to Brozdowski's motion to determine interest in disputed property, see General Statutes § 52-356c(a), and the McGannons' application for a turnover order in aid of their property execution.
Attorney Brozdowski is claiming a charging lien against the settlement proceeds in the Kramer v. McDermott litigation. At the court's direction, Brozdowski has produced a copy of a written fee agreement with Kramer which appears to satisfy the requirements of General Statutes § 52-251c
and Rule 1.5 of the Rules of Professional Conduct. The document evidences Kramer's agreement that Brozdowski "retain" out of any moneys received by way of "settlement, verdict or judgment" arising from the McDermott case a fee equalling one-third of such sums. The agreement also stated that the attorney's out-of-pocket costs and fees would be paid out of the above described moneys, and Brozdowski has submitted evidence of $1053.69 in such costs and fees.
This court holds that Connecticut law recognized and will enforce an attorney's charging lien upon a fund created by litigation up to the amount expressly contracted for legal fees and costs by the client.McNamara Goodman v. Pink, 44 Conn. Sup. 592 (1997); Gordon v. Ignall, CV98-339800, judicial district of Bridgeport, June 1, 1998 (Stodolink, J.) (and cases cited therein). The charging lien concept recognizes that the attorney played a role in cheating the asset and when a client has agreed to pay a fee out of that specific asset, the attorney obtains an equitable interest in that property. See 7 Am.Jur.2d 344.
The attorney's charging lien on the settlement proceeds relates back to the date of the fee agreement and therefore is superior to the execution lien which was created this year. See Butterworth Scheck v. CristwoodConstruction, CV94-8318818, judicial district of Fairfield, June 18, 1999, 25 CLR 130 (Nadeau, J.); see also 7 Am.Jur.2d, § 342. CT Page 12204
In light of the above, the court finds that Brozdowski is holding funds of Kramer in the amount of $8946.31 ($15,000 less $6053.69). Brozdowski is therefore ordered to deposit or cash the USAA check and pay over to the sheriff $8946.31 of the proceeds. The remainder of the proceeds is subject to the attorney's lien.
Adams, J.